IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BRENDA LEE BRAUN | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| PHILLIP STOUT | : | NO. 13-3189 |

MEMORANDUM

SANCHEZ, J.                                                             JUNE    , 2013

Brenda Lee Braun filed this pro se civil action against Phillip Stout, seeking repayment of money that she allegedly loaned to him. Plaintiff seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint.

I. **FACTS**

Plaintiff alleges that she loaned the defendant money to purchase a variety of items in October and November of 2012. The defendant allegedly promised to pay her back when he got a job. However, although defendant got a job in December, he refused to pay plaintiff back. She also alleges that the defendant threatened to beat her if she did not vote the way that he told her to vote, and that he "bad-mouthed" her. Accordingly, plaintiff initiated this action seeking repayment and a no-contact order. An attachment to the complaint titled "transactions for Phillip Stout on my Visa for Oct. & Nov. 2012," reflects that plaintiff loaned the defendant $541.46.

Plaintiff previously filed the same claims against Stout in the District of Delaware in March of 2013, when she lived in

Delaware. See Braun v. Stout, Civ. A. No. 13-486 (D. Del.). That action was dismissed for lack of subject matter jurisdiction because the parties were not diverse and because plaintiff sought $540.91 in damages. See 28 U.S.C. § 1332. Plaintiff refiled her complaint in this district after moving to Pennsylvania. Her in forma pauperis application in this action likewise reflects her belief that Stout owes her $540.91.[1]

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court

---

[1] Although the instant action seeks repayment for the same loans as the earlier-filed action, the Court has calculated the amount that plaintiff allegedly loaned to Stout to be $541.46, rather than $540.91, based on the list of transactions attached to her complaint.

2

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

In her complaint, plaintiff indicates that she is invoking this Court's federal question jurisdiction. However, nothing in plaintiff's complaint sets forth a basis for a federal claim. To the contrary, it appears that she is raising claims under state tort law. However, there is no basis for jurisdiction over those claims.

Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Although it appears that the parties are diverse, it is clear to a legal certainty that the amount in controversy does not exceed the jurisdictional threshold. See Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint.").

A district court should ordinarily allow a pro se plaintiff to amend her complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Here, amendment would be futile because it is apparent that this case concerns matters of state law, but that there is no basis for diversity jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss

plaintiff's complaint. The dismissal is without prejudice to plaintiff's ability to pursue her claims in state court. An appropriate order follows.